ANNA T. GEYER, Appellant, *v.* EDWARD L. SNYDER and Another, as Executors of SAMUEL F. ENGS, Deceased, and Others, Respondents.

*Sale by executors to themselves — presumption of invalidity overcome by acquiescence and laches.*

A sale by executors, of their testator's interest in a partnership, to themselves, as surviving partners, is not absolutely void, although voidable at the instance of a beneficiary under the testator's will; and the legal presumption against the validity of such a sale may be overcome by the acquiescence therein of such beneficiary, accompanied by a release and followed by *laches,* as, *e. g.,* a delay of thirteen years in commencing an action to avoid the sale

APPEAL by the plaintiff, Anna T. Geyer, from a judgment of the Supreme Court, dismissing the complaint upon the merits, entered in the office of the clerk of Kings county on the 4th day of January, 1893, upon a decision of the court rendered at the Kings Special Term.

The action was brought to obtain the cancellation of an "agreement" and a "release," and to compel an accounting as to the acts of the executors of the will of Philip W. Engs, deceased.

The action was tried by the court at Special Term and the following facts, among others, were found by the trial judge:

"Philip W. Engs, the grandfather of the plaintiff herein, died on or about the nineteenth day of May, 1875, at Long Island City, in the County of Queens, in the State of New York; in his lifetime the said Philip W. Engs made and published his last will and testament, dated on the twenty-fifth day of May, 1867, and also three certain codicils thereto, dated, respectively, on June 9th, 1873;

June 11th, 1874, and November 24th, 1874, which said will and codicils were in due form of law, and were duly proved before and admitted to probate by the Surrogate of the County of Queens on the tenth day of June, 1875. In and by the said will the said Philip W. Engs did give, devise and bequeath the one twenty-eighth part or share of all the rest, residue and remainder of all his property and estate of every name, kind or nature, remaining after the payment of his just debts and funeral expenses, to the plaintiff, and did by his said will, and the codicils thereto, nominate and appoint James M. Blackwell, Henry A. Bostwick, and his sons, Samuel F. Engs and George Engs, to be the executors of said will and codicils. After the probate of the said will, Henry A. Bostwick, Samuel F. Engs and George Engs duly qualified as executors thereunder, but the said James M. Blackwell did not and has never qualified as such executor. Philip W. Engs at the time of his death was a partner in the firm, doing business under the firm name of P. W. Engs & Sons, composed of the said Philip W. Engs, his said sons, Samuel F. Engs and George Engs, and his nephew, Henry Snyder, Junior. The nominal and unliquidated share and interest of said Philip W. Engs at the time of his decease in said business of P. W. Engs & Sons, as stated on the books of said firm, was the sum of one hundred and thirty-eight thousand two hundred and forty-two $\frac{93}{100}$ dollars. Philip W. Engs was at the time of his death seized and possessed of considerable real and personal property in addition to his interest in the firm as aforesaid. Between the third day of July, 1876, and the fourth day of October, 1877, Samuel F. Engs, George Engs and Henry Snyder, Junior, as surviving partners of said firm, paid to Samuel F. Engs, George Engs and Henry A. Bostwick, as executors of the estate of said Philip W. Engs, in several payments, the sum of one hundred and twenty thousand dollars in cash in full settlement and liquidation of the share and interest of said estate in and to the said business, as appears by a receipt signed by said executors, dated October 5th, 1877. Said settlement, liquidation and payments were made under and in pursuance of a written agreement under seal executed by and between the said surviving partners and the said executors, dated April 26th, 1876, and was made with the knowledge, approval and consent of the plaintiff herein, and of her husband, Charles T. Geyer, as expressed in and by their written

declaration under seal, made a part of said agreement, and dated April 28th, 1876, signed and executed by the plaintiff and her said husband, and the other adult parties interested in the said estate of Philip W. Engs, and the plaintiff, having knowledge of said agreement, accepted her share of the proceeds thereof. On or about the seventh day of May, 1879, the said executors paid to the plaintiff the sum of eighty-four $\frac{44}{100}$ dollars in payment of the balance due her for her share in the said estate of Philip W. Engs, deceased; and upon such payment and in consideration thereof the said plaintiff executed and delivered to said executors a written release under seal releasing and discharging said executors of and from each and every claim and demand which said plaintiff had, or might have, against them as such executors, and' said release contained the following clause: 'The said sum of eighty-four $\frac{44}{100}$ dollars being accepted and received by me (the plaintiff herein) in full payment and settlement of the balance due me for and on account of any and all claims against the estate of Philip W. Engs or said Samuel F. Engs, George Engs and Henry A. Bostwick, as executors as aforesaid, such settlement and payment to have the same force and effect as if made under and pursuant to a decree of the Surrogate of Queens County upon a final accounting regularly made before said Surrogate by said Samuel F. Engs, George Engs and Henry A. Bostwick, as executors as aforesaid.'"

The conclusions of law were to the effect that "the said agreement of April 28th, 1876, executed by and between the surviving partners of P. W. Engs & Sons and the executors of Philip W. Engs, and entered into and carried out with the knowledge and acquiescence of the plaintiff, was a valid act on the part of the said executors, and is binding upon the plaintiff; that the release dated May 7th, 1879, executed and delivered by the plaintiff to the executors, is valid and binding, and conclusive upon the plaintiff; that the plaintiff has been guilty of *laches* in bringing this action, and that judgment should be rendered herein against the plaintiff and in favor of the defendants, dismissing the complaint upon the merits, with costs."

*Edward B. Merrill*, for the appellant.

*Lewis Hurst*, for executors of S. F. Engs, deceased, respondents.

*Arthur Hurst,* for executors of George Engs, deceased, respondents.

DYKMAN, J.:

We have no difficulty in upholding the judgment in this action. The sale of which the plaintiff complains was not absolutely void; it operated to pass the title to the property, but it was voidable at the instance of the plaintiff.

Instead of raising objection to the transaction, however, the plaintiff voluntarily received her portion of the proceeds of the sale, and executed a full release to the executors, which must be construed into an acquiescence in the sale and all the proceedings down to that time.

That was in May, 1879, and then the plaintiff remained acquiescent for thirteen years before she commenced this action.

Even now the plaintiff offered no evidence to sustain the charges in her complaint of connivance and overreaching, but relied entirely upon the presumption which the law raises against sales by persons occupying a position of trust, to themselves, either directly or indirectly.

In this case the lapse of time, the acquiescence of the plaintiff and her full release were sufficient to overcome the presumption.

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.